# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR00057 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ). | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| DARRIAN DASI, | ) | |
| | ) | |
| Defendant. | ) | |

Currently pending is Defendant Darrian Dasi's Motion to Revoke Detention Order filed on April 2, 2020 ("Defendant's Motion"). (Doc. No. 13.) The Government filed a Response to Defendant's Motion on April 3, 2020 ("the Response"). (Doc. No. 14.) For the reasons set forth below, Defendant's Motion is **DENIED**.

In Defendant's Motion, Defendant seeks to revoke the detention order issued by Magistrate Judge Ruiz on March 16, 2020, asserting that there are combinations of conditions, namely electronic monitoring and any other conditions this Court deems appropriate, that will reasonably assure community safety; and because there has been a change of circumstances since Defendant was ordered detained, specifically the COVID-19 pandemic that "presents a public health crisis, and Mr. Dasi is at risk being housed at CCA." (Doc. No. 13, PageID # 44.)

As correctly stated in Defendant's Motion, in reviewing Magistrate Judge Ruiz's pretrial detention order, "th[is] Court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release[;] and "[m]eaningful *de novo* review means that the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." [Citations omitted.] (Doc. No. 13, PageID #s 44-45.)

In determining whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court must consider the following factors:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including

    (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse; criminal history, record of appearance at court proceedings; and

    (b) whether at the time of the current offense or arrest the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of a sentence; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In Defendant's Motion, Defendant does not provide any analysis or set forth any argument relative to the application of these factors, but the Government does so in its Response. The Court will weigh these factors.

Defendant is charged with four counts of distributing cocaine or controlled substances[1] and one count, specifically Count 5, of Possession with Intent to Distribute Controlled Substances (heroin and carfentanil) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Count 5 carries a 5-

---

[1] Count 1: Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count 2: Distribution of Controlled Substances (fentanyl and heroin) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count 3: Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Count 4: Distribution of Controlled Substances (cocaine, heroin, and carfentanil) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

year mandatory sentence of incarceration. And, each charge separately carries the rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Indeed, the mandatory five year period of incarceration if convicted on count 5, as well as the potential terms of imprisonment associated with the remaining four counts of distributing drugs/controlled substances if Defendant is convicted provide incentive to flee, and the nature and known dangers of drugs/controlled substances demonstrates Defendant's dangerousness to the community. Thus, this factor weighs in favor of detention.

The weight of the evidence of Defendant's dangerousness to the public also supports detaining Defendant. The evidence proffered during the detention hearing demonstrated that Defendant sold dangerous controlled substances two times to a government informant, and a search warrant at his residence revealed a larger amount of heroin and a carfentanil mixture, as well as a gun. Moreover, evidence proffered at the detention hearing demonstrates that twice he offered to sell a gun to the same informant. Indeed, Defendant has not established that, if released, he would not continue to be a danger to the community. While the location monitoring that he proposes may offer useful information about where he is, it provides little useful information about what he is doing, and the ready accessibility of smart phones and digital communication devices would make it all too easy for him to resume his involvement in the trafficking of controlled substances without detection. Moreover, evidence proffered at the detention hearing demonstrated that the very place where Defendant claims he could and would reside, i.e., with his mother, is where he kept the controlled substances that he allegedly sold to a government informant, and where a gun was found. Defendant's mother's testimony was that

the gun belonged to her ex-boyfriend, and she knew that her ex-boyfriend and Defendant, as convicted felons, were not permitted to possess or own a firearm.

The history and characteristics of Defendant also weigh in favor of detention. At the time of the offenses charged, Defendant was on probation and he has previously violated the terms of his supervision. He has a history of failing to appear for court appearances. He has a history of drug and alcohol abuse that according to his mother's testimony at the detention hearing, had escalated in recent months. He has a history of mental health issues and treatment. While Defendant may have had employment and community ties and family support at the time he was charged, none of these things served to preclude him being charged with serious drug trafficking offenses. Indeed, given the opioid crisis it is well-known that heroin and carfentanil mixtures, drugs found at Defendant's residence, pose a serious danger to the public.

The only change in circumstance since Defendant was detained, is the COVID-19 pandemic and per Defendant, this supports pretrial release because the pandemic constitutes an "exceptional reason[]" as that term is used in 18 U.S.C. § 3145(c), why his detention is not appropriate. Defendant argues that "[t]he conditions in jails do not allow for a vulnerable inmate or any inmate to take the recommended preventive actions and create an ideal environment for the transmission of contagious disease." (Doc. No. 13, PageID # 48.) Defendant also cites several non-Ohio cases where defendants have sought review of their pretrial detention orders given the pandemic and notes that as of April 1, 2020, 57 Bureau of Prisons inmates and 37 staff members have tested positive for COVIC-19. (Doc. No. 13, PageID #s 49-50.) Defendant is housed at CCA, and asserts that "[g]enerally speaking, the sanitary conditions and access to adequate medical

care are quite poor" and he has concerns for his personal well-being and health if he is to remain at this facility...." (Doc. No. 13, PageID #s 50-51.)

The Government responds that: Defendant has failed to articulate how the COVID-19 pandemic makes him any less of a danger to the community or reduces his incentive to flee; Defendant's concerns of contracting COVID-19 are not ripe even if they were relevant to his danger to the community or risk of flight because on April 2, 2020 AUSA Kolansky spoke with the Health Services Administrator at NOCC and learned that there are no confirmed cases of COVID-19 , no suspected cases of it, and no one with flu-like symptoms there; 18 U.S.C. § 3145 does not mention changed circumstances and 18 U.S.C. § 3145(c) only applies to defendants who have been convicted and are awaiting sentence or appeal; comprehensive precautionary measures have been instituted by the Bureau of Prisons, the U.S. Marshals Service and Northeast Ohio Correctional Center; and releasing Defendant would place an undue burden on probation and pretrial services. (Doc. No. 14, PageID #s 64-69.)

On the record before me, I conclude that Magistrate Judge Ruiz's initial assessment of Defendant was correct. Given the nature of the charges against him, there is a presumption that Defendant should be detained. And, even though Defendant presented some evidence to rebut the presumption, i.e., his employment and community ties and family support, the Government has demonstrated by clear and convincing evidence that Defendant should be detained and by a preponderance of the evidence that he poses a risk of non-appearance. He has not established that, if released, he would not continue to be a danger to the community or a flight risk. Location monitoring would not preclude his involvement in the drug trafficking activity with which he is charged. Also, location monitoring is not a limitless resource, nor is its installation and

monitoring by United States Pretrial Services officers without risk to those personnel (who must be trained and certified to install location monitoring) given the current recommendations regarding implementation of social distancing. Indeed, Defendant has not asserted, much less demonstrated, that he is in the group of individuals at high risk for contracting the virus, e.g., elderly individuals with specific underlying medical health conditions like heart problems, diabetes and/or hypertension.

As concerning as the COVID-19 pandemic is, resolving a motion for revocation of an order of detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act, 18 U.S.C. § 3142(g). The Court has conducted such an individualized assessment of these factors as relates to Defendant, considered the record before it, and hereby **DENIES** Defendant's Motion.


**IT IS SO ORDERED.**

_s/ Pamela A. Barker_
PAMELA A. BARKER

Date: April 6, 2020                    U. S. DISTRICT JUDGE